**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SCP 2003A-24 LLC, et al.** | ) CASE NO. |
| Plaintiffs, | ) <br> ) JUDGE |
| v. | ) <br> ) |
| **COLUMBUS HIGH STREET CVS INC., et al.** | ) <br> ) **NOTICE OF REMOVAL** |
| Defendants. | ) <br> ) |

Defendants Ohio CVS Stores, L.L.C., Columbus High Street CVS, Inc. (the predecessor to Ohio CVS Stores, L.L.C.), CVS Health Corporation (improperly named in the First Amended Complaint as CVS Corporation), Maryland CVS Pharmacy, L.L.C. (improperly named in the First Amended Complaint as CVS Bethesda, L.L.C.), and CVS Pharmacy, Inc., (improperly named in the Complaint as Weymouth Retailer, Inc.) hereby give notice of the removal of this civil action from the Franklin County, Ohio Court of Common Pleas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

The grounds for removal are as follows:

1. On October 27, 2025, Plaintiffs SCP 2003A-24 LLC, SCP 2003A-14 LLC, and SCP 2003A-11 LLC ("Plaintiffs") filed a Complaint in the Franklin County Court of Common Pleas (the "State Court Action"). On October 30, 2025, Plaintiffs filed an Amended Complaint in the State Court Action. True and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice of Removal as Exhibit A.

2. Defendant CVS Pharmacy, Inc. was served with the Complaint on October 31, 2025. This Notice of Removal is being filed within 30 days of service of Plaintiffs' Complaint on Defendant CVS Pharmacy, Inc.

3. All Defendants consent to the removal of the State Court Action to this Court.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

5. Plaintiffs are Delaware Limited Liability Companies. (Amended Complaint, ¶¶ 1-3.) 28 U.S.C. § 1332(c)(1).

6. Citizenship of a limited liability company is determined based on the citizenship of each member or partner. *V & M Star, LP v. Centimark Corp.,* 596 F.3d 354, 356 (6th Cir. 2010) (limited liability companies have the citizenship of each partner or member). The citizenship of an individual is determined based on the location of his or her domicile. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). A corporation is a citizen of both (1) the state in which it is incorporated and (2) the state where is it has its principal place of business. *Offill v. Cent. R.R. Co. of Indiana*, 791 F. Supp. 3d 787, 794 (S.D. Ohio 2025).

7. The members of Plaintiff 2003A-24 LLC are Travis Kadish and Howard Kadish. Travis Kadish and Howard Kadish are citizens of the State of New York. Plaintiff 2003A-24 LLC is therefore a citizen of the State of New York.

8. The sole member of Plaintiff SCP 2003A-11 LLC and Plaintiff SCP 2003A-14 LLC is OQP High Street, LLC. The members of OQP High Street, LLC are Travis Kadish, Howard Kadish, and/or Michelle Deegan. Travis Kadish, Howard Kadish, and Michelle Deegan are citizens of the State of New York. Accordingly, Plaintiffs SCP 2003A-11 LLC and SCP 2003A-14 LLC are citizens of the State of New York.

9. Defendant Ohio CVS Stores, L.L.C. is the successor by merger to named Defendant Columbus High Street CVS, Inc.

10. The sole member of Ohio CVS Stores, L.L.C. is CVS Pharmacy, Inc. CVS Pharmacy, Inc. is a citizen of the State of Rhode Island because it was incorporated in Rhode Island and its principal place of business is in Rhode Island. Based on this, Ohio CVS Stores, L.L.C. is a citizen of the State of Rhode Island.

11. Defendant CVS Health Corporation (improperly named in the Complaint as "CVS Corporation") is a Delaware corporation and its principal place of business is in Rhode Island. CVS Health Corporation is therefore a citizen of the State of Delaware and the State of Rhode Island.

12. Maryland CVS Pharmacy, L.L.C. is the successor by merger to named Defendant CVS Bethesda, L.L.C.

13. The sole member of Maryland CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc. CVS Pharmacy, Inc. is a citizen of the State of Rhode Island because it was incorporated in Rhode Island and its principal place of business is in Rhode Island. Maryland CVS Pharmacy, L.L.C. is therefore a citizen of the State of Rhode Island.

14. CVS Pharmacy, Inc. is the successor by merger to named Defendant Weymouth Retailer, Inc. As explained above, CVS Pharmacy, Inc. is a citizen of the State of Rhode Island, because it was incorporated in Rhode Island and its principal place of business is in Rhode Island.

15. Because Plaintiffs are citizens of the State of New York, and Defendants are citizens of the State of Delaware and the State of Rhode Island, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1).

16. Based on the allegations in the Amended Complaint, the amount in controversy exceeds the sum of $75,000.00.

17. Plaintiffs allege that Ohio CVS Stores, L.L.C is in default of a Lease Agreement between Ohio CVS Stores, L.L.C. and Plaintiff SCP 2003A-24 LLC (the "Lease"). (Amended Complaint, ¶ 29.)

18. Plaintiffs allege that as a result of this purported default, Plaintiff SCP 2003A-24 LLC "has terminated the Lease." (Amended Complaint, ¶ 29.)

19. Under the Lease, in the event of a default, Ohio CVS Stores, L.LC. is required to pay all rent that "would be payable under this Lease by Tenant in the absence of such . . . termination" of the Lease. (*See* Lease, Section 23(f), attached as Exhibit A to First Amended Complaint.)

20. Pursuant to the Lease, the current monthly rent at the property is $42,185.07. The Lease does not expire until January 31, 2027. Ohio CVS Stores, L.L.C. is required to make monthly rent payments until this Lease expiration date.

21. In addition, Plaintiffs allege that as a result of Ohio CVS Stores, L.L.C.'s alleged breach of the Lease, Plaintiff SCP 2003A-24 LLC was required to pay off a $600,000 loan with funds it "intended" to use "for the closure on the purchase of another property in California." (First Amended Complaint, ¶ 25 - ¶ 27.)

22. Accordingly, the total amount in controversy is over $75,000. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (explaining that a "removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement").

23. Pursuant to 28 U.S.C. § 115(b)(2), the United States District Court for the Southern District of Ohio, Eastern Division is the district court for the district embracing Franklin County,

- 4 -

where the State Court Action is pending, and thus, removal to this Court is proper. 28 U.S.C. §§ 1441(a) and 1446(a).

24. A copy of the Notice of Filing Notice of Removal, which will be filed in the State Court Action, is attached as Exhibit B.

Dated: November 20, 2025                      Respectfully submitted,

*/s/ Julie A. Crocker*
Julie A. Crocker (0081231)
Taft Stettinius & Hollister LLP
200 Public Square Suite 3500
Cleveland, OH 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707
jcrocker@taftlaw.com

Nicholas J. Pieczonka (0087062)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Telephone: (513) 357-9603
Fax: (513) 381-0205
npieczonka@taftlaw.com

Jonathan N. Olivito (0092169)
Taft Stettinius & Hollister LLP
41 South High Street, Suite 1800
Columbus, OH 43215-6106
Telephone: (614) 220-0236
Fax: (614) 221-2007
jolivito@taftlaw.com